1
2
3
4
5
6
7     UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
8                AT SEATTLE

BOBBY LEE DICKERSON, JR.,

         Plaintiff,                    Case No. C16-0239-RAJ-MAT

    v.
                                       REPORT AND RECOMMENDATION
ALL MY ENEMIES,

         Defendant.

   Plaintiff Bobby Lee Dickerson, Jr. is currently confined at the South Correctional Entity (SCORE) in Des Moines, Washington. He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. 1.) Plaintiff's proposed complaint is largely unintelligible. However, his statement of claim includes references to malicious prosecution and prosecutorial vindictiveness, and his request for relief includes a request for monetary relief and a request to be released from all jails and prisons forever. (*See id.*)

   Plaintiff failed to submit with his complaint either the filing fee or an application to proceed *in forma pauperis*. Typically the Court would address such deficiencies by directing a letter to plaintiff advising him of the deficiencies and providing him an opportunity to correct them. However, plaintiff is a frequent litigant in this Court and, as such, is aware of the filing

REPORT AND RECOMMENDATION - 1

fee requirement.  The Court declines to spend additional resources guiding plaintiff through a process with which he is well familiar.  Moreover, when the Court has sent filing fee deficiency letters to plaintiff in prior actions, plaintiff has typically responded by submitting an application to proceed *in forma pauperis*, as opposed to paying the filing fee.  It would serve no apparent purpose for the Court to solicit an *in forma pauperis* application from plaintiff in this case as it does not appear that he is eligible to proceed *in forma pauperis.*

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he or she has, on three or more prior occasions, brought civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.  This Court's records reflect that plaintiff has filed at least three prior civil actions, *in forma pauperis*, which were dismissed for failure to state a claim upon which relief may be granted.  *See Dickerson v. Satterburg*, C09-1279-RSM (dismissed Oct. 22, 2009); *Dickerson v. Bals*, C09-1419-JCC (dismissed Jan. 14, 2010); *Dickerson v. RJC King County Jail*, C09-1508-JCC (dismissed Jan. 14, 2010).  Accordingly, plaintiff may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time he signed his pleading.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g).").

While plaintiff inserted the phrase "imminent danger" in his statement of claim, he fails to articulate specific facts demonstrating that any of the defendants identified in his complaint is subjecting him to imminent danger from a particular harm.  Plaintiff is therefore ineligible to file this lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative

REPORT AND RECOMMENDATION - 2

fee (for a total of $400.00).

Based on the foregoing, this Court recommends that plaintiff be directed to pay the filing fee within ten days of the date on which this Report and Recommendation is adopted, and that this action be terminated if plaintiff fails to do so.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the first Friday after they are filed.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 11, 2016**.

DATED this 24th day of February, 2016.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3